UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELDERT VEJAR-NUNEZ, )
 )
       Petitioner, )
 )
   v. )  Case No. C05-2075-MJP-JPD
 )
 )  REPORT AND RECOMMENDATION
UNITED STATES OF AMERICA, )
 )
       Respondent. )
_____ )

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who has filed a motion under 28 U.S.C. § 2255 that seeks to vacate, set aside, or correct his 2005 federal court sentence. Following a careful review of the parties' pleadings and the record, the Court recommends that petitioner's § 2255 motion be denied.

## II. FACTS AND PROCEDURAL HISTORY

On June 16, 2004, petitioner and twenty-two other defendants were named in a first superceding indictment in which petitioner was charged with one count of conspiracy to distribute methamphetamine, one count of attempted possession of methamphetamine with intent to distribute, and one count of conspiracy to engage in money laundering. Case No. CR04-240-MJP, Dkt. No. 135. Petitioner was arrested with more than 1,700 grams of pure methamphetamine. Dkt. No. 501 at 14-15. These charges carried a maximum possible

sentence of life imprisonment, a mandatory minimum of ten years' imprisonment, and a fine of up to four million dollars. Dkt. No. 168; 21 U.S.C. § 841(b)(1)(A).

Following settlement negotiations conducted by a district court judge on December 10, 2004, petitioner entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). He pleaded guilty to conspiracy to distribute over fifty grams of methamphetamine and five grams of pure methamphetamine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846. Dkt. No. 363. This was a lesser-included offense of the charge involving 500 grams or more contained in the first superceding indictment.[1] *Id*. The lesser-included offense carried a maximum prison term of forty years, a mandatory minimum of five years, and up to a two million dollar fine. 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846. As part of the plea agreement, petitioner agreed to a specific term of 84 months' imprisonment. Dkt. No. 363.

Petitioner was represented by counsel and pleaded guilty before a United States Magistrate Judge. Dkt. Nos. 360, 630. At the hearing, the petitioner was asked specifically if he agreed to the term of 84 months' incarceration and he responded, "Yes." *Id*. at 8. He also acknowledged that he could not withdraw his plea later because he had changed his mind about the sentence, but that either party could withdraw if the District Judge imposed a sentence other than 84 months' of imprisonment. *Id*. at 12. The Magistrate Judge confirmed that petitioner was not pressured to plead guilty, he had not been promised anything outside of the plea agreement, and the decision to plead guilty was his own. *Id.* at 12-14. A finding was made and subsequently adopted, that the "plea was made knowingly, intelligently, and voluntarily." *Id*. at 13; Dkt. Nos. 363, 364, 462.

On March 3, 2005, a hearing was held and petitioner, represented by counsel, was sentenced at that time. Dkt. No. 501. Before imposing the sentence, in response to a letter sent by petitioner, the Court specifically inquired as to why an 84-month term of imprisonment was appropriate, and why no § 5K1.1 motion was submitted by the government. *Id*. at 5.

---

[1] Other charges against petitioner were dismissed at sentencing. Dkt. Nos. 437, 438.

REPORT AND RECOMMENDATION
PAGE -2

After explanations by both the government and defense counsel, the Court determined that the agreed-upon sentence was appropriate because the constitutionality of the Sentencing Guidelines was in question, and because the agreement facilitated resolution of a "very large conspiracy" in which both parties were attempting to avoid a long and complex trial. *Id.* at 22-23. The Court also determined that because petitioner had been found with more than 1,700 grams of pure methamphetamine, if convicted, his total offense level would have been 35.[2] *Id.* at 14-15, 22. Under the Guidelines, an offense level of 35 would have resulted in a range of between 168 to 210 months. *Id.* at 22. Defense counsel acknowledged that if convicted, even if other enhancements were resolved in petitioner's favor, the amount of drugs involved would have resulted in a much harsher sentence than the agreed-upon sentence. *Id.* at 501. The Court held that petitioner would "receive the benefit of [his] bargain . . ." and imposed a sentence of 84 months in custody followed by four years of supervised release. *Id.* at 24; Dkt. No. 438.

The Court explained that it could not award a downward departure for substantial assistance to the government in the absence of a motion by the government. Dkt. No. 501 at 24. The government, however, determined that such a motion was unwarranted.

Petitioner appealed to the Court of Appeals for the Ninth Circuit, arguing that the District Court erred in determining that the government's failure to file a United States Sentencing Guideline ("Guidelines") § 5K1.1 substantial-assistance motion was not subject to review. In an unpublished opinion, the Court of Appeals held that petitioner provided no evidence that the government improperly declined to file such a motion and affirmed his conviction. *U.S. v. Vejar-Nunez*, 154 Fed. Appx. 588 (9th Cir. 2005). On December 7, 2005, petitioner filed the present 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Dkt. No. 1.

---

[2] The calculation included a three point downward departure for acceptance of responsibility, and a criminal history of one. Dkt. No. 501 at 22.

REPORT AND RECOMMENDATION
PAGE -3

### III. CLAIMS FOR RELIEF

Petitioner argues that he received ineffective assistance of counsel at sentencing in violation of the Sixth Amendment to the United States Constitution. He argues that his lawyer (1) should have moved to qualify him for a sentencing reduction under the Guidelines' "safety valve" provision; (2) should have sought a downward departure for "aberrant behavior;" and (3) "misrepresented and misadvised" him. Dkt. No. 1.

### IV. DISCUSSION

In order to challenge the validity of a guilty plea on the basis of ineffective assistance of counsel, petitioner must "attack the voluntary and intelligent character of the guilty plea[.]" *Washington v. Lampert*, 422 F.3d 864, 872-73 (9th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). The Supreme Court has held that the two-prong analysis set forth in *Strickland v. Washington*, applies to ineffective-assistance-of-counsel challenges to guilty pleas. *Id.* Thus, petitioner must show (1) that his lawyer's representation "fell below the range of competence demanded of attorneys in criminal cases," and (2) that he was prejudiced by that behavior. *Riggs v. Fairman,* 399 F.3d 1179, 1182 (9th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1986)).

The first prong requires petitioner to show that defense counsel's performance fell below an objective standard of reasonableness. *Id.* The second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. *Id.* This probability must be so serious that it undermines the Court's confidence in the outcome of the case. *Id.* "Because of the difficulties in evaluating attorney performance in hindsight, courts indulge a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance." *U.S. v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005) (internal citations and quotations omitted).

A. <u>Petitioner Has Not Shown That Counsel's Assistance Fell Below an Objective Standard of Reasonableness for Criminal Defense, Nor Prejudice.</u>

Petitioner has failed to demonstrate that his lawyer rendered objectively unreasonable assistance of counsel. Petitioner argues that he received ineffective assistance because his attorney failed to qualify him for the Guidelines' 5C1.2 "safety valve" provision,[3] and that his attorney erroneously failed to seek a downward departure for aberrant behavior under Section 5K2.20. Dkt. No. 1. *Id.* Assuming, that petitioner's allegations are true, they fail to state a claim for relief because they do not demonstrate that his lawyer rendered objectively unreasonable assistance.

Based upon the drug charges in the first superseding indictment, if convicted, petitioner would have faced a minimum term of ten years' imprisonment, and a maximum term of life on each count. Case No. CR04-240-MJP, Dkt. No. 168; 21 U.S.C. § 841(b)(1)(A). At sentencing, the Court determined that petitioner's offense level would have resulted somewhere between 168 to 210 months' incarceration, nearly twice the amount he agreed to in the plea agreement. Dkt. No. 501 at 22. Facing these charges, petitioner entered into a plea agreement in which he

---

[3]The so-called "safety valve" provision instructs the sentencing judge to disregard the mandatory minimum sentence if the court finds the defendant has met the following five criteria: (1) the defendant has no more than one criminal history point; (2) the defendant did not use violence or threats of violence or possess a firearm or other weapon in connection with the offense; (3) the offense did not cause death or bodily injury; (4) the defendant did not receive an upward adjustment for an aggravating role in the offense under section 3B1.1; and (5) the defendant, no later than the time of sentencing. "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement." 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; *U.S. v. Brinton*, 139 F.3d 718, 721 (9th Cir. 1998), *overruled on other grounds by U.S. v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000). The safety valve, in practice, provides relief only if the defendant's offense level results in a sentencing range below the mandatory minimum. *See Brinton*, 139 F.3d at 721. Here, the safety valve would not have applied because petitioner's offense level led to between 168 to 210 months' incarceration. Dkt. No. 501 at 22.

REPORT AND RECOMMENDATION
PAGE -5

01 pleaded guilty to a lesser-included offense in exchange for a specified term of 84 months'
02 imprisonment. Dkt. No. 363.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and the explicit terms
03 of the plea agreement, if the petitioner was not sentenced to the agreed upon 84 months, then
04 either party could withdraw. Dkt. No. 363.  If this happened, then petitioner would be facing
05 the more inclusive and onerous charges that were dismissed as part of the plea agreement.  The
06 sentencing transcript and sentencing memoranda submitted by both parties reflect their
07 understanding that potentially more than 1,700 grams of methamphetamine were involved in the
08 case. Dkt. Nos. 433, 434, 501.

09       The plea agreement specifically noted that the *only* potential for a downward departure
10 would be upon the government's motion for petitioner's possible cooperation in its ongoing
11 investigation. Dkt. No. 363 (emphasis added). "No other agreement [had] been made with
12 regard to imposition of . . . [petitioner's] sentence[.]" *Id*.  By entering into the plea agreement,
13 petitioner agreed to serve a specific sentence that was significantly shorter than the potential
14 sentence he otherwise faced had he been convicted.  Even though petitioner's counsel did not
15 move for a safety valve or aberrant behavior reduction at sentencing, his action was reasonable.
16 Indeed, doing so would have violated the agreement.  Petitioner cannot show prejudice since the
17 sentence he agreed to was far shorter than what he would have faced if convicted at trial.
18 Petitioner cannot satisfy either prong of the *Strickand* analysis, and his claim for relief must fail.

19     B.    <u>Petitioner's Vague Allegations Do Not Demonstrate Ineffective Assistance</u>.

20 Petitioner also claims:

21 > Defence [sic] counsel was ineffective at sentencing for misrepresenting and
22 > misadvised [sic] the plea to defendant, that defendant was going to receive a
> sentence of 84 months in custody, to induce the guilty plea.  Invoking this
23 > knowledge, defendant entered a plea of guilty with the full assurance and hope
> from defence [sic].

24 Dkt. No. 1.  This argument is unclear.  In fact, petitioner received the 84-month sentence agreed
25 to in the plea agreement and in the parties' sentencing memoranda.  There is no indication that
26 the sentence was erroneous, nor that the plea was not knowingly and voluntarily made.

REPORT AND RECOMMENDATION
PAGE -6

01 Petitioner acknowledged that the plea agreement was made "freely and voluntarily, and that no
02 threats or promises, other than the promises contained in [the agreement], were made to induce
03 [him] to enter [his] plea of guilty." Dkt. No. 363. At sentencing, he specifically stated that he
04 "was [not] hoping for a lesser sentence . . . , [and that he] signed for 84 months." Dkt. No. 501
05 at 21. The Magistrate Judge accepting the guilty plea found specifically that the plea was "was
06 knowingly, intelligently, and voluntarily entered." Dkt. Nos. 364, 462. The petitioner also
07 acknowledged that he was satisfied with the representation he had received from his attorney.
08 Dkt. No. 603 at 5. In light of the record, petitioner's vague and conclusory claims do not show
09 that his counsel was ineffective. *See Shah v. U.S.*, 878 F.2d 1156, 1161 (9th Cir. 1989)
10 (observing that vague and conclusory allegations of ineffective assistance do not require an
11 evidentiary hearing).

   C.   <u>An Evidentiary Hearing is Not Required</u>.

13 An inmate filing a claim for federal habeas relief under 28 U.S.C. § 2255 is entitled to an
14 evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show
15 that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶ 2. The Ninth Circuit has explained
16 that, under this standard, an evidentiary hearing is not required when a petitioner's allegations
17 "do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant
18 summary dismissal." *U.S. v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal citations and
19 quotations omitted). Here, an evidentiary hearing is not required. Petitioner's allegations, even
20 if true, fail to state a claim of ineffective assistance of counsel. The present record demonstrates
21 that petitioner's guilty plea was knowingly and voluntarily made, and that defense counsel could
22 not have moved for a departure since both parties had agreed to the 84-month sentence
23 contained in the plea agreement. An evidentiary hearing is not required.

REPORT AND RECOMMENDATION
PAGE -7

V.  CONCLUSION

For the reasons discussed above, the Court recommends that petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his 2005 federal court sentence be denied.  A proposed order accompanies this Report and Recommendation.

DATED this 1st day of May, 2006.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge